His Honor, JOHN ST. PAUL,
rendered the opinion and decree of the Court, as follows:
Reuben Goss entered the asylum of the defendant and at the time he did so turned over to the defendant the sum of five hundred dollars ($500.00). He remained in the asylum until his death, .after which his universal legatee claimed the return of the amount as having been merely a deposit.
The defendant claims that the sum was an outright “donation” in consideration of an agreement on its part to care for Goss until he died. This is the positive and uncontradicted testimony of defendant’s president, a gentleman of repute and standing, fully corroborated by a receipt given to Goss at the time and preserved by him until his death, reading as follows:
“N. 0., Sept. 20/11. Received from Reuben Goss the sum of $500.00 as an entrance donation to the German Protestant Home for Aged and Infirm.— ¥m. Frantz, Prest.”
We think the foregoing evidences something more than a donation, it evidences a contract, of which the defendant has carried out the burden and is entitled to the benefit. Hence the maxim that “no one is presumed to give” has no application.
The judgment appealed from is therefore reversed, ano: it is now ordered that plaintiff’s demand be rejected at her cost in both Courts.
Reversed.